UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISCILLA ANN CUNNINGHAM BALDWIN,

      Plaintiff,

                                  Case No.12-cv-12419
                                  HON. GERSHWIN A. DRAIN

vs.


COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/


**ORDER REJECTING REPORT AND RECOMMENDATION (#15), SUSTAINING
DEFENDANT'S OBJECTION (#16), DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (#10), GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (# 14) AND DISMISSING CASE**

## I.    INTRODUCTION

      This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to

Plaintiff Priscilla Ann Cunningham Baldwin's claim for judicial review of Defendant Commissioner

of Social Security's denial of her application for disability insurance benefits and supplemental

security income benefits.  The matter was referred to Magistrate Judge R. Steven Whalen, who

issued a Report and Recommendation on May 17, 2013, recommending that Plaintiff's Motion for

Summary Judgment be granted in part and denied in part, Defendant Commissioner's Motion for

Summary Judgment be denied, and that this matter be remanded under sentence four of 42 U.S.C.

§ 405(g) for further proceedings.  Specifically, the Magistrate Judge concluded that the

Administrative Law Judge (ALJ) failed to explain why Plaintiff's severe impairment of HIV positive

status did not meet Listing 14.08 at Step Three of the sequential analysis.  For the reasons discussed below, the Court rejects the Magistrate Judge's recommendation and concludes that the findings of the Commissioner are supported by substantial evidence warranting entry of judgment in favor of the Commissioner.

## II.   ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits and supplemental security income benefits on September 9, 2008, alleging a disability onset date of June 30, 2007.  Plaintiff argues that she cannot work due to daily migraine headaches, arthritis of the spine, her HIV positive status and the negative side effects from the medication she takes to treat it, such as diarrhea.  The ALJ determined that Plaintiff suffered severe impairments of HIV positive status, a mood disorder, and obesity.

However, the conditions did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Further, it was found that Plaintiff had the Residual Functional Capacity for light work with the limitations of not sitting more than two of eight hours, standing no more than six of eight hours, and no unprotected heights. The ALJ noted that Plaintiff's back pain was successfully treated, that she no longer experienced diarrhea, and that she was doing well on her HIV medication.

The Magistrate Judge concluded that the ALJ failed to explain why Plaintiff's HIV positive status did not meet the Listing 14.08 at Step Three of the analysis. The Magistrate Judge observed that, "[t]he mere failure to discuss every single impairment under the step three analysis is not a procedural error." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411, 2006 WL 229795, *2 (6th Cir. Jan. 31, 2006). However, the ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Lowery v. Commissioner, Social Sec. Administration*, 55 Fed. App'x. 333, 339, 2003 WL 236419, *5 (6th Cir. Jan. 30, 2003). What the Magistrate Judge found troubling, as does this Court, is the failure to even mention Listing 14.08K. Plaintiff's HIV positive status is listed as a severe impairment and the reasons this impairment does not merit benefits should have been addressed by the ALJ.

Defendant objects to the Magistrate Judge's recommendation on the basis that the failure of the ALJ to discuss Listing 14.08K is harmless error. Listing 14.08K requires a plaintiff to experience repeated manifestations of HIV and exhibit at a "marked level" one of the following: 1) limitation of activities of daily living, 2) limitation in maintaining social functioning, or 3) limitation is completing tasks in a timely manner due to deficiencies in concentration. Since the ALJ noted

in Step Four that Plaintiff only experienced mild symptoms of each of these three effects, Defendant claims it is impossible to meet the requirements of Listing 14.08K and the ALJ's error was harmless.

While the ALJ did not articulate the reasons that Plaintiff did not meet Listing 14.08K, he did discuss why Plaintiff did not meet Listing 12.04. Similar to Listing 14.08K, listing 12.04 asks how the plaintiff's impairment affects daily activities, social functioning, and ability to concentrate on tasks. The important difference between the two listings is that the first factor of 12.04 asks whether there is a "restriction of activities of daily living," whereas 14.08K requires a "[l]imitation of activities of daily living." The second and third factors of 12.04 asks about "difficulties" in social functioning and concentration, while 14.08K requires "limitation." Tracking the language of 12.04, the ALJ found that Plaintiff had a "mild restriction" in "activities of daily living," and "mild difficulties" in "social functioning" and "concentration."

There is not any meaningful distinction between "restriction" and "limitation" or "difficulties" and "limitation." In fact, the ALJ uses the term "limitation" several times in the opinion, demonstrating its equivalence with "restriction" and "difficulties." For example, the ALJ concluded that the Plaintiff's mental impairment did not cause "one 'marked' limitation" of one of the facts. For each of the three factors identified in 14.08K, the ALJ concluded that the Plaintiff only had either a "mild restriction" or "mild difficulties." Based on these findings, Plaintiff could not have met the requirements of 14.08K. Contrary to Plaintiff's assertion, this conclusion may be reached by examining the ALJ's findings rather than usurpation of his role. Since Plaintiff may not meet the requirements of 14.08K, the ALJ's failure to articulate his reasons is harmless error.

Based on a thorough review of the administrative record, the parties' briefing and the report and recommendation, the Court finds that the ALJ's error was harmless and the Commissioner's

finding that Plaintiff is not disabled should not be disturbed. Therefore, based on the foregoing reasons, the Court sustains the Defendant's objection and REJECTS the Magistrate Judge's recommendation to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g).

**III.    CONCLUSION**

Accordingly, the Defendant's objection is SUSTAINED. Consistent with the analysis herein, the court hereby REJECTS Magistrate Judge R. Steven Whalen's May 17, 2013 Report and Recommendation, GRANTS Defendant Commissioner's Motion for Summary Judgment [#14], DENIES Plaintiff's Motion for Summary Judgment [#10] and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: June 26, 2013

/s/ Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 26, 2013, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk